{¶ 40} I respectfully dissent. Although I agree with the principal opinion that the trial court's reasoning and decision in this matter was obviously flawed and dubious, I nevertheless believe that the trial court possessed the requisite subject matter jurisdiction to hear this type of case and to render a decision. In this matter, Adrian Rawlins was convicted of a criminal offense. This court affirmed his convictions. Subsequently, Rawlins requested relief from judgment pursuant to Civ. R. 60(B). Rawlins cited in his motion the identical arguments that he used unsuccessfully on direct appeal. Curiously, the trial court granted Rawlins' motion, in spite of the fact that the motion contained the identical grounds that Rawlins had raised, and we had rejected, on direct appeal. Notably, the prosecution neither opposed the motion nor appealed the trial court's judgment. The trial court then accepted Rawlins' guilty plea to a reduced charge and granted him judicial release.
 {¶ 41} Subsequently, Relator, the Ohio Attorney General, argued that the trial court lacked subject matter jurisdiction to consider Rawlins' motion and that a writ of prohibition should issue. The majority of this court agrees with that view. I, however, believe that even though the trial court erroneously decided the motion for relief from judgment, the court nevertheless possessed subject matter jurisdiction over this case and had the authority to consider and decide (albeit erroneously) the motion for relief from judgment. I believe that in this case the remedy that should have been used to overturn the trial court's erroneous judgment was an appeal from that judgment, not a writ of prohibition. *Page 18 
 {¶ 42} The fundamental question before us is whether the trial court possessed subject matter jurisdiction to consider Rawlins' motion. Subject matter jurisdiction generally refers to the power of a particular court to hear the type of case that comes before it. Here, everyone agrees that in the context of a criminal case a trial court possesses subject matter jurisdiction to consider a Crim. R. 60(B) motion for relief from judgment. The principal opinion, however, looks beyond the nature of the motion and focuses on this particular motion's content and merit to conclude that in this case, the trial court was deprived of subject matter jurisdiction. I disagree with that view.
 {¶ 43} This case is indeed unfortunate and I fully agree with the majority that the trial court wrongly decided the motion. I also appreciate the Relator's efforts in this matter to correct what it perceived as activity that undermined the notions of fairness and equity. Obviously, a common pleas court does not possess the authority to ignore a prior mandate from a court of appeals or the Supreme Court. I, however, again point out that the prosecution could have appealed the judgment, but did not do so. Had an appeal been taken from that judgment, the judgment would undoubtedly have been reversed. Unfortunately, that is not the posture of the case that is currently before us. In my view, the trial court possessed subject matter jurisdiction to consider the matter. Courts possess subject matter jurisdiction and are vested with the authority to decide requests for relief from judgment. The fact that a particular motion lacks merit and raises issues that may have been previously decided does not deprive the court of subject matter jurisdiction over the motion. In the case sub judice, the trial court was vested with the authority to consider and to decide the issue. Although the trial court's failure to follow the law of the case is clearly erroneous, this failure constitutes an error *Page 19 
in the trial court's exercise of jurisdiction, not that the trial court lacked subject matter jurisdiction to consider the motion.
 {¶ 44} Accordingly, I would, with deep regret, deny the writ of prohibition. *Page 1